OPINION
{¶ 1} In 1996, appellant Mark Ferrell was indicted by the Stark County Grand Jury on four counts of rape, all with force specifications; four counts of felonious sexual penetration, all with force specifications; and four counts of gross sexual imposition. The victim in these counts was appellant's step-daughter, Sue Lauver. He was also charged with an additional count of rape with a force specification, and an additional count of gross sexual imposition, with the victim being his step-son, Dale Lauver.
 {¶ 2} Appellant's wife, Judy Ferrell, was indicted on five counts of complicity to rape with force specifications, two counts of endangering children, and five counts of gross sexual imposition. The victims were her children. Judy Ferrell entered a plea of guilty to all counts, and agreed to testify against her husband.
 {¶ 3} At jury trial in the Stark County Common Pleas Court, Judy Ferrell testified on behalf of the State. She testified that her children entered the bedroom in which she and appellant were engaged in sexual relations. As the children started to leave the room, appellant instructed them to stay in the room. She also testified initially, appellant had a good relationship with her children; however, over time, appellant began molesting them. She testified that appellant forced her to help him during the assaults. She would restrain the children while appellant performed sexual acts including fondling, penile and digital penetration, and oral sex.
 {¶ 4} As to the charges relating to Sue Lauver, appellant was found guilty of three counts of rape with attendant force specifications, three counts of felonious sexual penetration with attendant force specifications, and three counts of gross sexual imposition. As to the charges relating to Dale Lauver, appellant was found guilty of one count of gross sexual imposition. He was sentenced to six mandatory life sentences for the rape and felonious sexual penetration convictions, and four one-year determinate prison terms for the gross sexual imposition convictions. The court ordered that all terms run consecutively. On appeal, this court affirmed the conviction and sentence. State v. Ferrell (March 9, 1998), Stark Appellate No. 1997-CA-00005.
 {¶ 5} Appellant filed his first petition for post-conviction relief in May of 1998. The trial court dismissed the petition without a hearing, and appellant did not appeal the dismissal.
 {¶ 6} Appellant filed a successive petition for post-conviction relief on August 15, 2002. The trial court dismissed the petition, and an appeal is pending in this court.
 {¶ 7} In May of 2002, appellant filed an application for new trial. In his application for new trial, appellant argues that Judy Ferrell initially testified that she only saw appellant touch the victims with his hands. The prosecutor then asked for permission to impeach the witness. Instead, the trial court took a break, and allowed the prosecutor to show Judy Ferrell a prior recorded statement to the police, in order to refresh her memory. When Judy Ferrell resumed her testimony after the break, she testified that appellant had vaginally raped Sue Lauver.
 {¶ 8} Counsel for appellant extensively cross-examined Judy concerning inconsistencies between her testimony and her prior statement, and questions concerning her veracity in light of the plea bargain she had entered. Appellant claimed in the trial court that the prosecutor, by seeking admission of Judy's testimony, knowingly brought forth perjured testimony against him. In support of his petition, he filed his own affidavit, in which he alleges that his wife lied, and he is innocent. The court overruled the motion for new trial, finding that the allegation that Judy Ferrell lied at trial was readily apparent at the time she testified, and therefore could not be newly discovered evidence. The court found that appellant failed to timely file his application, and could not have been unavoidably delayed in obtaining newly discovered evidence, as the evidence was not newly discovered. The court overruled the motion for new trial. Appellant assigns a single error on appeal:
 {¶ 9} The trial court abused its discretion in dismissing appellant [sic] application for new trial court [sic] failed to review record in the case that would show appellant is entitled to a new trial."
 {¶ 10} Appellant based his motion on R.C. 2945.79(B) and R.C.2945.80. R.C. 2945.79(B) provides grounds for a new trial based on misconduct of the prosecuting attorney or a witness for the State. R.C.2945.80 requires that a new trial motion be made within three days after the verdict. In the event a defendant bases his application on alleged newly discovered evidence, the motion must be made within 180 days after the verdict. After 180 days have passed, a defendant can only file a motion for new trial if he can show that he was unavoidably prevented from the discovery of the evidence upon which he bases his motion.
 {¶ 11} The motion for new trial in the instant case was filed outside of the three day time period allowed by statute, and outside the 180 day time period for a motion based on newly discovered evidence. Appellant presented no new evidence in support of his petition for new trial. He claimed solely that the witness lied, and he is innocent. As noted by the court, this fact should have been apparent to him at the time she testified. He did not submit any newly discovered evidence to indicate that the prosecutor's office induced perjured testimony, or knew she was lying. The trial court correctly concluded that because appellant brought forth no newly discovered evidence, he could not meet the statutory exception for untimely filing by showing he was unavoidably prevented from discovering the new evidence.
 {¶ 12} The assignment of error is overruled. The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur.